## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LAUREL DAVENPORT, | ) | CASE NO.: 1:19CV1206 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Laurel Davenport[1] to the Report and Recommendation ("R&R") of the Magistrate Judge. On June 23, 2020, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the denial of L.A.G's application for benefits. On July 7, 2020, Davenport objected to the R&R. On July 21, 2020, the Commissioner responded to the objection. The Court now resolves the objection.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the

---

[1] Davenport brings this matter on behalf of her minor child, L.A.G.

Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

In her objections, Davenport asserts that "the Magistrate Judge erred when he stated that the argument that the ALJ was cherry-picking evidence was an unavailing argument."  Doc. 15 at 1.  Davenport, however, wholly fails to explain how the R&R erred in its conclusion with respect to this challenge.   The R&R correctly noted:

> The Sixth Circuit has found the allegation that an ALJ cherry-picked evidence unavailing on appeal, agreeing with the court below that such an "allegation is seldom successful because crediting it would require a court to re-weigh record evidence." *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. Apr. 3, 2014) (citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) (finding "little indication that the ALJ improperly cherry picked evidence; the same process can be described more neutrally as weighing the evidence."))[.]

Doc. 14 at 15.   Within her objections, Davenport does not expound on this argument, but instead seeks to simply recast it by asserting: "The ALJ erred when he failed to consider any evidence which contradicted the testimony of the ME, Dr. DiTraglia." Doc. 15 at 1.   However, the R&R also properly addressed this issue:

> Furthermore, Plaintiff's contention that the ME's opinion was "inconsistent with the evidence of record" is nothing more than Plaintiff's lay interpretation of the medical record. Plaintiff's brief attempts to create a discrepancy in the opinions of record where none exists, by twice citing the opinion of Dr. Jensen in alleged contrast to the ME. (R. 10, PageID# 712-713). However, Dr. Jensen did not offer any opinion as to the level of limitation caused by L.A.G.'s various impairments in the six domains. (Tr. 542-546). Plaintiff engages in conjecture by suggesting the behaviors identified by Dr. Jensen—behaviors the ME was also doubtless aware based on a review of the record—necessitated limitations that were at least "marked."

Doc. 14 at 16. Within her objections, Davenport has not identified any legal or factual error in the analysis performed by the Magistrate Judge.   Instead, her objections simply restate her belief that the decision is erroneous.   As such, Davenport's initial objection has no merit.

In her final objection, Davenport contends that "the Magistrate Judge erred when he found that the characterization of the ME's testimony did not preclude a child having a marked limitation unless it impacted school functioning." Doc. 15 at 2. The R&R resolved this argument as follows:

> Plaintiff proceeds to conclude that the ALJ "improperly relied on the testimony of the ME that there is no marked impairment unless it impacted her functioning at school." (R. 10, PageID# 712). Again, Plaintiff fails to set forth any developed argument explaining how the ALJ's decision violated SSR 09-5p. Id. Furthermore, Plaintiff's characterization of the ME's testimony is not entirely accurate. While the ME's testimony can be interpreted as stating that he would expect to find some impact on a child's functioning in school before a limitation became marked, he did not expressly testify that an impairment can never be marked unless it impacted school functioning. (Tr. 70-72). In any event, Plaintiff has failed to explain how such testimony violates any social security rule. Further, even if the ALJ's reliance on the ME was misplaced, the State Agency psychologists' opinions as well as the teacher opinions were consistent with the ME, because none of them opined that L.A.G. had limitations reaching the marked level in any domain.

Doc. 14 at 17. In other words, the R&R concluded that Davenport's argument lacked merit for two distinct reasons: 1) the ME's testimony did not require an impact on school functioning in order to find a marked limitation, and 2) even if the ME's testimony had done so, there was substantial evidence in the record to demonstrate that L.A.G.'s limitations did not reach the marked level in any domain.

Davenport's objection does not attempt to negate either conclusion contained in the R&R with legal authority. Instead, Davenport asserts: "A school-age child should not be isolating herself, wetting her bed, stealing from others, and acting out sexually. Failure to consider these behaviors as indicative of marked limitations was contrary to the applicable Rulings and reversible error in this matter." Doc. 15 at 2-3. Contrary to Davenport's assertions, the record does not reflect in any manner that the issues set forth by Davenport were not considered when L.A.G. was evaluated. In fact, the ALJ noted that it was "very troubling that somebody this age with

particularly the sexual conduct and the issue about tasting blood." As such, the record reflects that the ALJ properly considered the totality of the evidence, properly evaluated the credibility of each of the medical professionals, and issued a decision supported by substantial evidence.

For the reasons stated above, Davenport's objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.


Dated: September 17, 2020             /s/ John R. Adams
                                                             JUDGE JOHN R. ADAMS
                                                             UNITED STATES DISTRICT JUDGE